EDOK Criminal Complaint (Revised 6/13)

# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  *Plaintiff,*  v.  **JEFFREY DYWANE HOLCOMB,**  *Defendant.* | **CRIMINAL COMPLAINT**  Case No.  21-MJ-214-SPS |

I, Brian Marsh, the undersigned complainant, am a Special Agent with the Federal Bureau of Investigation and state that the following is true to the best of my knowledge and belief:

On or about July 12, 2020, in the Eastern District of Oklahoma, in Indian Country, JEFFREY DYWANE HOLCOMB, an Indian, committed the offense Assault Resulting in Serious Bodily Injury, in violation of Title 18, United States Code, Sections 113(a)(6), 1151, and 1153.

This complaint is based on the following facts:

(See Affidavit of Brian Marsh which is attached hereto and made a part hereof by reference.)

☒   Continued on the attached sheet.

Brian Marsh, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence at: MUSKOGEE, OKLAHOMA

Date: May 3, 2021

UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer



## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Brian Marsh, being duly sworn, depose and state that:

## INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since January of 2020. I am assigned to the Oklahoma City Division, Muskogee RA. In the course of my duties as a Special Agent, I have investigated criminal violations related to Indian Country crimes, as explained in Title 18, United States Code, Section 1151 and as it pertains to the Major Crimes Act (MCA). I have investigated crimes related to fraud, cyber violations, financial crimes, and crimes against the National Security of the United States of America. Prior to my employment as a Special Agent, I served as a forensic scientist with the FBI.

2. As a Federal Agent, I am authorized to investigate violations of the laws of the United States, and to execute warrants issued under the authority of the United States.

3. The statements contained in this Affidavit are based in part on: information provided by other agencies, written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; independent investigation; and my experience, training, and background as a Special Agent with the FBI. Because this Affidavit is being submitted for the limited purpose of establishing probable cause to believe that the below-described offense was committed, I have not included every detail of the investigation. In addition, unless otherwise indicated, all statements contained in this Affidavit are summaries in substance and in part. The following is true to the best of my knowledge and belief.

## PROBABLE CAUSE

4. As will be shown below, there is probable cause to believe that **JEFFREY DYWAYE HOLCOMB** committed a violation of Title 18, United States Code, Section 113(a)(6) in Indian Country, which occurred within the boundaries of the Choctaw Nation.

5. VENUE: the facts and circumstances alleged in this affidavit occurred within the Eastern District of Oklahoma. More specifically, based on the Supreme Court decision in *McGirt v. Oklahoma (2020)*, the below described location is within the geographic boundaries of the Choctaw Nation, and therefore is within Indian Country.

6. DEFENDANT: the defendant is JEFFREY DYWANE HOLCOMB, hereinafter referred to as HOLCOMB, and is an enrolled member of the Choctaw Nation.

7. I received information, in the form of offense reports from the McAlester Police Department and court records from Pittsburg County, regarding a crime which occurred in McAlester, Oklahoma and within the boundaries of the Choctaw Nation.

8. On July 12, 2020, officers with the McAlester Police Department were dispatched to a parking lot underneath the Carl Albert Parkway Bridge in the city of McAlester regarding a fight. At the scene, officers located the male victim, D.D., who was laying on the ground with a bloody face and piece of cotton in his ear. D.D. advised the officers he was unable to remember what happened and appeared to have significant memory problems.

9. Officers met with several other individuals at the scene, including I.P., A.M., C.L., and the Defendant, JEFFREY DYWANE HOLCOMB. All of the individuals, including HOLCOMB, stated that HOLCOMB and D.D. were engaged in a verbal disagreement when HOLCOMB punched D.D. in the face. D.D. fell immediately to the ground. HOLCOMB stated that he punched D.D. for calling him a drug user.

10. One of the individuals at the scene had starting recording HOLCOMB and D.D. arguing with her cellphone. The video captured a portion of the argument, the assault itself, and a few moments after the assault. In the video, D.D. is standing face-to-face with HOLCOMB, cupping his hands together in front of him in what appears to be a non-aggressive posture. Without warning, HOLCOMB punched D.D. twice with extreme force. Based on the video, D.D. appears

to be knocked unconscious with the first strike, struck again, and then hits his head on the asphalt. It should also be noted that there is a substantial size difference between D.D. (5'9", 115lbs) and HOLCOMB (6'1", 185lbs).

11. D.D. was transported to McAlester Regional Hospital but later airlifted to Saint Francis in Tulsa because of the severity of his injuries, including a skull fracture and possible brain hemorrhage.

12. Based on a review of this case, and based on my knowledge and experience with violent crimes in Indian Country, I, as your Affiant believe there is probable cause that JEFFREY DYWANE HOLCOMB committed the offense of Assault Resulting in Serious Bodily Injury in Indian Country in violation of Title 18, United States Code, Sections 113(a)(6), 1151, and 1153.

Respectfully Submitted,

Brian Marsh, Special Agent
Federal Bureau of Investigation

Sworn before me May 3, 2021.

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF OKLAHOMA