UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:21-CR-202-CBG-1 |
| | * | |
| VERSUS | * | |
| | * | |
| JEFFREY DYWANE HOLCOMB | * | JUDGE GOODWIN |

PLEA AGREEMENT

### A.   INTRODUCTION

1.   This document contains the complete plea agreement between the government and Jeffrey Dywane Holcomb, the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

### B.   THE DEFENDANT'S OBLIGATIONS

1.   Jeffrey Dywane Holcomb shall appear in open court and plead guilty to the one (1) count indictment pending in this case.

### C.   THE GOVERNMENT'S OBLIGATIONS

1.   If the defendant completely fulfills all obligations and agreements under this plea agreement, the government agrees that the pending indictment will

J. H.

constitute the defendant's sole criminal exposure, based on the investigation which forms the basis of the indictment.

      2.     The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.

**D.**     **SENTENCING**

Jeffrey Dywane Holcomb understands and agrees that:

      1.     The maximum punishment on count one (1) is a term of imprisonment of not more than ten (10) years (pursuant to 18 U.S.C. § 113 (a)(6)) and a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571);

      2.     The defendant shall be required to pay a special assessment of $100 **at the time of conviction** by means of a cashier's check, official bank check, or money order payable to "Clerk, U.S. District Court";

      3.     The defendant may receive a term of supervised release of not more than three (3) years in length in addition to any term of imprisonment imposed by the Court;

      4.     A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

*J. H.*

5.      The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court, regardless of the amount of time of the supervised release the defendant has successfully completed;

6.      In addition to the penalties set forth in the preceding paragraphs, the Court must order restitution in this case, and the defendant agrees that restitution in this case is not limited to the amounts or victims referred to in the specific charge(s) to which the defendant has pled guilty, and will be determined by the Court after a complete review of the evidence developed in the investigation of this case by the government and further investigation by the United States Probation Office as contained in the Presentence Report;

7.      Any fine and/or restitution imposed as part of the defendant's sentence will be made due and payable immediately and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

8.      The defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on him to be used in consideration of his ability to pay restitution or fine that may be imposed by the Court;

J. H.

9.      As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

10.     This case is governed by the Sentencing Reform Act as modified by United States v. Booker, 543 U.S. 220 (2005), and the defendant has discussed the Sentencing Guidelines and its applicability with his counsel and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

11.     The sentencing judge alone will decide what sentence to impose; and

12.     The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E.      **WAIVERS**

### SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

### WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant.

### FREEDOM OF INFORMATION ACT (FOIA) WAIVER

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case

*J. H.*

including, but not limited to, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

1. the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

2. the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

3. the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S.Ct. 738 (2005);

4. the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel;

5. the defendant waives the right to have the sentence modified pursuant to 18    U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government;

6. the defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent restitution order, if any; and

7. the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

## WAIVER OF "DEPARTURE" AND "VARIANCE" RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following waiver of rights:

*J.H.*

1. the defendant waives the right to request, recommend, or file a "departure" motion with the U.S. Probation Office or Court recommending a sentence below the Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines; and

2. the defendant waives the right to request, recommend, or file a "variance" motion with the U.S. Probation Office or Court requesting a sentence below the Guidelines range through the application of 18 U.S.C. § 3553(a).

## F.   ENTIRETY OF AGREEMENT

1.     This plea agreement consists of this document and any addendum filed under seal.   The defendant, the defendant's attorney, and the government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case.   It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties.   No other promises have been made or implied.

## G.   SIGNATURES OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, Jeffrey Dywane Holcomb.  I concur in Jeffrey Dywane Holcomb pleading guilty as set forth in this plea agreement.

Dated: 3 July 2021

Rex Earl Starr
Attorney for Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I

J. H.

under the influence of anything that could impede my ability to fully understand this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 06/03/2021

Jeffrey Dywane Holcomb
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Dated: 7/9/21

CHRISTOPHER J. WILSON
Acting United States Attorney

By:

Robert F. Moody
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA  71101
(318) 676-3600

J. H.